Case No.   **CV 17-351-JFW**　　　　　　　　　　　　　　　　　Date:  June 20, 2017
　　　　　　　[ED CR 96-43-RT]

Title:   Cipriano Diaz-Galiana *-v-* United States of America

**PRESENT:**

　　　　　　　**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

　　**Shannon Reilly**　　　　　　　　　　　　　　　**None Present**
　　**Courtroom Deputy**　　　　　　　　　　　　　　**Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　　None　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　**ORDER DENYING PETITION FOR A WRIT OF CORAM NOBIS [filed 2/24/17; Docket No. 1]**

　　　On February 24, 2017, Petitioner Cipriano Diaz-Galiana ("Petitioner") filed a Petition for a Writ of Coram Nobis ("Petition").  On June 2, 2017, Respondent United States of America (the "Government") filed its Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, taken under submission upon the filing of the Government's Opposition and the parties were given advance notice.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

　　　"[T]he writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable."  *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007).  The Supreme Court has held that "coram nobis relief is available to challenge the validity of a conviction, even though the sentence has been fully served, 'under circumstances compelling such action to achieve justice.'"  *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (quoting *United States v. Morgan*, 346 U.S. 502, 503-04 (1954)).  To warrant coram nobis relief, Petitioner must show the following:

　　　(1) a more usual remedy is not available;

　　　(2) valid reasons exist for not attacking the convictions earlier;

　　　(3)  adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and

(4) the error is of the most fundamental character.

*United States v. Chen*, 792 F.3d 1151, 1153 (9th Cir. 2015) (quotations and citations omitted). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

After carefully reviewing all the papers, the Court agrees with the Government and concludes that Petitioner has failed to demonstrate that there is a valid reason why Petitioner did not attack his conviction earlier. In addition, the Court agrees with the Government and concludes that Petitioner has failed to demonstrate that he received ineffective assistance of counsel. *Chen*, 792 F.3d at 1158. Accordingly, Petitioner's Petition is **DENIED**.[1]

IT IS SO ORDERED.

---

[1] In addition, to the extent that Petitioner is seeking a certificate of appealability ("COA"), the Court notes that a COA may not be necessary for appellate review of a coram nobis petition. *See United States v. Price*, 589 Fed. Appx. 350, 352 (9th Cir. 2015); *United States v. Kwan*, 407 F.3d 1005, 1010-11 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). As explained in *Kwan*, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") COA requirement does not apply to coram nobis proceedings because a grant of a COA is required "in only two kinds of appeals: an appeal from '(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255.'" *Kwan*, 407 F.3d at 1010 (quoting 28 U.S.C. § 2253(c)(1)). Instead, authority to issue a writ of coram nobis arises from the All Writs Act, 28 U.S.C. section 1651(a). *Id.* at 1011. Thus, "the plain language of 28 U.S.C. section 2253(c)(1) indicates that a COA is not required to obtain appellate review of the denial of a coram nobis petition." *Id.* at 1010. The Ninth Circuit explained that not requiring a COA for appellate review of a coram nobis petition was not at odds with the AEDPA because the AEDPA's "gatekeeping requirements are not necessary in legitimate coram nobis claims – namely, few defendants who have already completely served their sentences continue to have reasons to challenge their conviction or sentence." *Id.* at 1011. However, to the extent that a COA is required in this case, the Court declines to issue Petitioner a COA. A court shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) . The petitioner must show that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Petitioner has failed to meet that burden, and reasonable jurists could not debate whether Petitioner's Petition could be decided differently. Therefore, the Court declines to issue Petitioner a certificate of appealability.